**QIRONG CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 06–3862–ag.

United States Court of Appeals, Second Circuit.

July 11, 2007.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Amul R. Thapar, United States Attorney for the Eastern District of Kentucky, Charles P. Wisdom, Jr., Appellate Chief, Thomas Lee Gentry, Assistant United States Attorney, Lexington, KY, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Qirong Chen, a native and citizen of the People's Republic of China, seeks review of the July 27, 2006 order of the BIA affirming the April 14, 2005 decision of Immigration Judge ("IJ") Annette Elstein denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qirong Chen,* No. A96 063 326 (B.I.A. July 27, 2006), *aff'g* No. A96 063 326 (Immig. Ct. N.Y. City Apr. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the IJ's decision where, as here, the BIA adopts and affirms that decision. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). Here, Chen challenges the IJ's decision only with respect to his CAT claim; accordingly, any challenge to his claims for asylum or withholding of removal is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

Chen alleges that, in analyzing his CAT claim, the IJ misapplied the law in several respects. An IJ's application of the law to undisputed facts is reviewed *de novo. See Secaida–Rosales,* 331 F.3d at 307. Upon review of the record, however, we conclude that each of Chen's arguments rests on an inaccurate description of the IJ's reasons for denying CAT relief. To the extent Chen challenges the IJ's evaluation of the facts, we review the IJ's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ's decision in this case was consistent with this Court's holding in *Mu Xiang Lin v. United States Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005), that background evidence indicating that some individuals who left China illegally are imprisoned, and that human rights violations including torture occur in Chinese prisons, is insufficient to establish a clear probability of torture for a particular illegal emigrant. Here, the IJ acknowledged Chen's claim that he had made two prior illegal departures from China, and addressed the background evidence relating to returning illegal emigrants, and found that this evidence did not establish conclusively "that citizens who are repatriated after illegally emigrating more than once are subject to torture, or that [Chen] himself would be detained and tortured for his frequent illegal departures."

As the IJ noted, the 2004 State Department Profile of Asylum Claims indicated that in most cases, returnees are detained only briefly, and may be subject, at most, to fines. Although another document in the record indicated that individuals who have made multiple illegal departures might be subjected to harsher punishment, the IJ reasonably found that Chen failed to establish that he, in particular, was more likely than not to face such mistreatment. As the IJ noted, Chen admitted that when he was returned to China for the first time, in July 1990, following his unauthorized trip to Japan, he was detained only for a few hours and released upon payment of a 4000 RMB fine. He was not physically harmed. He also admitted that he was not detained or subject-

ed to any punishment upon his return from Russia in 1992, having traveled to Russia with a valid passport and permission from the Chinese government. Accordingly, Chen's current trip would constitute only his second illegal departure. In light of the relatively mild punishment he received after his first, a reasonable fact-finder would not be compelled to conclude that someone in these circumstances was more likely than not to be subjected to harm amounting to torture after this return. *See id.*; *Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 143–44 (2d Cir.2003).

Finally, we note that Chen's attorney, H. Raymond Fasano, submitted a brief that did not meaningfully address any of the actual bases for the agency's decision, and waived one of the categories of relief the BIA denied.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the petition for a stay of removal in this petition is DISMISSED as moot.